IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVSION

| | |
|---|---|
| **ROBERT E. FLEMING,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No.  20-cv-1059 |
| ) | |
| **FREDERICK ENTZEL, Warden,** ) | |
| ) | |
| Respondent. ) | |

## ORDER AND OPINION

**SUE E. MYERSCOUGH, U.S. District Judge.**

This cause is before the Court on Petitioner Robert E. Fleming's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. 1) and his Motion to Amend (Doc. 4).  Fleming argues that he should not have been sentenced as a career offender under the advisory sentencing guidelines in light of <u>Mathis v. United States</u>, 136 S. Ct. 2243 (2016).  Petitioner's Motion to Amend (Doc. 4) is GRANTED to the extent that the Court considered the arguments made in reaching the Court's decision.  However, because Fleming is not entitled to proceed under 28 U.S.C. § 2255(e), the § 2241 Petition is DISMISSED.

# I. BACKGROUND

In September 2008, in the Northern District of Iowa, Fleming pleaded guilty to possession with the intent to distribute approximately 46 grams of cocaine base within 1,000 feet of a school, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1), and 860. (Doc. 6 at App. 1). Because he had a prior felony drug conviction, he faced a mandatory minimum sentence of ten years' imprisonment and a maximum sentence of life. (Doc. 6 at App. 3-8); see 21 U.S.C. § 841(b)(1)(B). Without the finding that he had a prior felony drug conviction, he would have faced a mandatory minimum sentence of five years and a maximum of forty years imprisonment. Id.

The United States Probation Office prepared a presentence investigation report prior to sentencing. The PSR found that Fleming's relevant conduct, specific offense characteristics, role in the offense, and 21 criminal history points led to a total offense level of 34, criminal history category of VI, and advisory Sentencing Guidelines range of 262 to 327 months in prison. PSR ¶¶ 30-34, 62, 142 (Doc. 8). Fleming was also designated as a career-offender

due to his prior Illinois convictions for armed robbery, aggravated assault of a police officer with a firearm, and drug trafficking. PSR ¶ 42, 54, 57, 58. However, this designation did not impact his advisory Sentencing Guidelines range, as it resulted in the same total offense level and criminal history category with or without the enhancement. On February 11, 2009, the sentencing court sentenced Fleming to 286 months' imprisonment. (Doc. 6 at App. 28).

Fleming did not appeal the 2009 judgment, and he did not file his first motion under § 2255 until May 2016. (Doc. 6 at App. 30-31). In that counseled motion, he claimed that his sentence was unconstitutional in light of the Supreme Court's June 2015 holding that the residual clause of 18 U.S.C. § 924(e) was unconstitutionally vague. Id. at 30; see Johnson v. United States, 135 S. Ct. 2551 (2015). With the United States' agreement, Fleming asked the court to stay the proceedings until January 2017. Id. Eleven months later, on April 14, 2017, Fleming voluntarily dismissed his case.

In December 2017, Fleming again filed a motion under § 2255 in the sentencing court, raising various claims unrelated to his challenge here.  The sentencing court treated Fleming's second motion under § 2255 as a first collateral attack since he had dismissed his initial § 2255 motion without prejudice before the United States responded.  However, the sentencing court denied collateral relief after concluding the motion was untimely under 28 U.S.C. § 2255(f)(1).

Fleming filed this Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. 1) on February 10, 2020.  He is currently incarcerated at the Federal Correctional Institution in Pekin, Illinois, and seeks to challenge his sentence pursuant to the 28 U.S.C. § 2255(e) savings clause.  He argues that he should not have been sentenced as a career offender under the advisory Sentencing Guidelines because his Illinois drug conviction is not a predicate offense in light of Mathis v. United States, 136 S. Ct. 2243 (2016) and raises arguments about the validity of his other predicate sentences as well.  Fleming also filed a Motion to Amend (Doc. 4) prior to Respondent's response.  It is not clear what

additional claim Fleming seeks to bring or supplement in his Motion, but Fleming does mention the information filed by the government resulting in his § 851 sentencing enhancement.

    Respondent filed his response (Doc. 5-1) on April 22, 2020, raising five grounds on which he argues that Fleming's claim must be dismissed: (1) Fleming's claim that he was erroneously designated a career-offender under the advisory Sentencing Guidelines is not cognizable on collateral review; (2) Fleming's advisory Sentencing Guidelines range was not impacted by the career-offender designation; (3) a motion under § 2255 would not have been inadequate or ineffective to test the legality of Fleming's detention; (4) Fleming's petition is an abuse of the writ; and (5) Fleming's claim does not rely on Mathis v. United States, 136 S. Ct. 2243 (2016). Fleming filed a reply (Doc. 13) on August 11, 2020. As explained below, the Court agrees with the Respondent that Flemings claims are not cognizable on collateral review and the Court will now dismiss the Petition.

## II.  LEGAL STANDARD[1]

Generally, federal prisoners who seek to collaterally attack their conviction or sentence must proceed by way of motion under 28 U.S.C. § 2255, the so-called "federal prisoner's substitute for habeas corpus." Camacho v. English, 872 F.3d 811, 813 (7th Cir. 2017) (quoting Brown v. Rios, 696 F.3d 638, 640 (7th Cir. 2012)). The exception to this rule is found in § 2255 itself: a federal prisoner may petition under § 2241 if the remedy under § 2255 "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e).  Under the "escape hatch" of § 2255(e), "[a] federal prisoner should be permitted to seek habeas corpus only if he had no reasonable opportunity to obtain earlier judicial correction of a fundamental defect in his conviction or sentence

---

[1] The Court notes that Respondent has reserved for further review its position that the motion remedy under § 2255 is inadequate or ineffective to test the legality of a prisoner's detention only if a class of argument is categorically excluded under the statute.  However, as Respondent concedes, this Court is bound by circuit precedent.

because the law changed after his first 2255 motion." In re Davenport, 147 F.3d 605, 611 (7th Cir. 1998).

The Seventh Circuit has developed a three-part test to determine whether 2255 was "inadequate or ineffective:

- *Step #1*: the federal prisoner must seek relief based on a decision of statutory interpretation (as opposed to a decision of constitutional interpretation, which the inmate could raise in a second or successive § 2255 motion);

- *Step #2*: the statutory rule of law in question must apply retroactively to cases on collateral review *and* could not have been invoked in a first § 2255 motion; and

- *Step #3*: a failure to afford the prisoner collateral relief would amount to an error 'grave enough' to constitute 'a miscarriage of justice.'

Worman v. Entzel, 953 F.3d 1004, 1008 (7th Cir. 2020) (citing Montana v. Cross, 829 F.3d 775, 783 (7th Cir. 2016); Beason v. Marske, 926 F.3d 932, 935 (7th Cir. 2019)).  Only after a petition meets all three steps can a Court consider the claims on the merits.

### III. DISCUSSION

In his § 2241 Petition, Fleming seeks to challenge his career offender designation under the advisory Sentencing Guidelines.

The Court agrees with Respondent that this claim is not cognizable in a collateral review because Fleming cannot show a miscarriage of justice and declines to address Respondent's additional arguments for dismissal.  Furthermore, any claims Fleming sought to raise regarding his § 851 sentencing enhancement similarly must be dismissed because he cannot show that he is suffering a miscarriage of justice.

Even assuming Fleming's underlying claim is correct, errors in calculating an advisory sentencing guidelines range do not amount to a miscarriage of justice.  See Hawkins v. United States, 706 F.3d 820, 824 (7th Cir.), opinion supplemented on denial of reh'g, 724 F.3d 915 (7th Cir. 2013); United States v. Coleman, 763 F.3d 706, 708 (7th Cir. 2014), as amended on denial of reh'g and reh'g en banc (Oct. 16, 2014); Hanson v. United States, 941 F.3d 874, 876 (7th Cir. 2019).  As the Seventh Circuit explained in Hawkins, after the sentencing guidelines became advisory, a "judge may not even *presume* that a sentence within the applicable guidelines range would be proper. He must determine whether it is consistent with the sentencing considerations set forth in 18

U.S.C. § 3553(a), and if he finds it is not he may not impose it even though it is within the applicable guidelines range." Hawkins, 706 F.3d at 822. Even had the judge not made the alleged error in calculating the guidelines range, the judge still would not be *required* to give a lower a sentence. Id. at 824. Accordingly, the Seventh Circuit found that "a sentence that is well below the ceiling imposed by Congress . . . [cannot] be considered a 'miscarriage of justice' that can be collaterally attacked, just because the judge committed a mistake en route to imposing it." Id. at 824-25. The Seventh Circuit acknowledged that the error might not be harmless, "but not every error is corrigible in a postconviction proceeding, even if the error is not harmless." Id. at 823; see also United States v. Coleman, 763 F.3d 706, 710 (7th Cir. 2014).

Moreover, the Seventh Circuit recently reaffirmed Hawkins holding in Hanson v. United States, 941 F.3d 874 (7th Cir. 2019). There, the Seventh Circuit addressed a claim that, in light of Mathis, an enhancement under the advisory Sentencing Guidelines was erroneously applied. Id. at 877. The Seventh Circuit found

that Hawkins controlled and that their holding in Chazen v. Marske, 938 F.3d 851 (7th Cir. 2019) was distinguishable.  In Chazen, the Seventh Circuit held that Mathis may provide a basis for awarding habeas relief under 28 U.S.C. § 2241 from an Armed Career Criminal Act sentence that imposed a mandatory minimum sentence.  Chazen, 938 F.3d at 862.  However, in Hanson, the district court sentenced the petitioner "not with mandatory minimums, but with combined considerations from the advisory Guidelines and the appropriate factors.  While the Armed Career Criminal Act requires a mandatory minimum of 15 years, a judge must independently determine the sentence based on 18 U.S.C. § 3553(a) factors and whether the career offender enhancement applies."  Hanson, 941 F.3d at 878.

Here, like Hanson, the holding in Hawkins controls.  The Court sentenced Petitioner under the advisory Guidelines to a sentence of 286 months' imprisonment, which was well within the statutory range of ten years to life imprisonment.  See 21 U.S.C. §§ 841(a)(1), (b)(1)(B).  The alleged error in designating Fleming a career criminal under the advisory Sentencing Guidelines does not

represent a miscarriage of justice and is not cognizable in a § 2241 petition.  Moreover, the alleged error in designating Fleming a career criminal did not even impact his advisory Sentencing Guidelines range due to his extensive criminal history, further showing that no miscarriage of justice could be said to have occurred as a result.

In his motion to amend and in his reply, while difficult to follow, Fleming also appears to challenge the § 851 statutory enhancement he received.  The Court finds that this claim must be dismissed for similar reasons.  Assuming, *arguendo* that Fleming is correct that his sentence should not have been subject to a statutory enhancement, Fleming cannot show that he is suffering from a miscarriage of justice.  The Seventh Circuit has found an error is grave enough meet this standard if it is an error that results in a conviction "of a nonexistent crime," Davenport, 147 F.3d at 611, or "a 'fundamental error equivalent to actual innocence,'" Brown v. Rios, 696 F.3d 638, 641 (7th Cir. 2012) (citing Taylor v. Gilkey, 314 F.3d 832, 836 (7th Cir. 2002).  A miscarriage of justice can occur "when a petitioner's sentence is

increased by application of an enhancement of which he was actually innocent." Perrone v. United States, 889 F.3d 898, 904 (7th Cir.), cert. denied, 139 S. Ct. 654, 202 L. Ed. 2d 502 (2018) (citing Narvaez v. United States, 674 F.3d 621, 629-30 (7th Cir. 2011) (finding that a miscarriage of justice occurred when a defendant sentenced under the mandatory sentencing guidelines was erroneously classified as a career offender, increasing his mandatory sentencing guidelines range)).

Here, Fleming's statutory sentencing range was enhanced from five to forty years to ten years to life imprisonment based on the finding that he had a prior felony drug conviction. See 21 U.S.C. § 841(b)(1)(B). However, his sentence of 286 months' imprisonment is well within either statutory range. Accordingly, even if Fleming were actually innocent of the statutory enhancement, he cannot show that his sentence was "increased by application of an enhancement of which he was actually innocent." Perrone, 889 F.3d at 904 (emphasis added); see also Hawkins, 706 F.3d at 824-25 ("[A] sentence that is well below the ceiling imposed by Congress . . . [cannot] be considered a 'miscarriage of justice'

that can be collaterally attacked, just because the judge committed a mistake en route to imposing it."). Accordingly, even if the § 851 sentencing enhancement were erroneously applied, he cannot show that he is suffering a miscarriage of justice as a result of the error.

## IV. CONCLUSION

For the reasons stated, Petitioner Robert Fleming's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. 1) is DISMISSED pursuant to 28 U.S.C. § 2255(e). Petitioner's Motion to Amend (Doc. 4) is GRANTED to the extent that the Court considered the arguments in reaching the Court's decision.

This case is CLOSED. The Clerk is DIRECTED to prepare the Judgment in favor of the Respondent.

**ENTER: October 2, 2020**

**FOR THE COURT:**

/s/ Sue E. Myerscough
**SUE E. MYERSCOUGH**
**UNITED STATES DISTRICT JUDGE**